UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CONDOS BROTHERS CONSTRUCTION
CORP.,

                        Plaintiff,

      -against-

MAIN STREET AMERICA ASSURANCE
COMPANY, THE MAIN STREET
AMERICA GROUP, et al.,

                       Defendants.

----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2017 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 16-4769

(Wexler, J.)

APPEARANCES:

    HENRY LAW GROUP
    BY:   Chauncey D. Henry, Esq.
    Attorneys for Plaintiff
    825 East Gate Boulevard, Suite 106
    Garden City, New York 11530

    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    BY:   Frank Morreale, Esq.
    Attorneys for Defendants
    50 North Laura Street, 41st Floor
    Jacksonville, Florida 32202

    280 Park Avenue, 15th Floor West
    New York, New York 10017

WEXLER, District Judge:

    Plaintiff, Condos Brothers Construction Corp. ("Plaintiff" or "Condos Brothers"), brings this civil RICO action against Defendant Main Street America Assurance Company ("Defendant"

or "Main Street") for the alleged overpayment of workers' compensation insurance premiums over the course of several years. Before the Court is Defendant's motion to dismiss Counts I and II of Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, Defendant's motion to dismiss is granted in its entirety.

## BACKGROUND

Plaintiff Condos Brothers is a construction company providing services within the Tri-State area that include custom masonry, asphalt paving and landscape design. (Am. Compl. ¶¶ 5, 32.) Defendant Main Street is a duly licensed insurance company who served as Plaintiff's worker's compensation insurance provider between 2010 and 2014. (Id. ¶¶ 7, 21, 35.) Main Street calculates its annual premiums for its worker's compensation policies pursuant to its independent manual of rules, rates, rating plans, and classifications of its insured's employees, all of which is maintained internally. (Id. ¶ 22.)

On or about April 23, 2010 and continuing through April 23, 2014, Condos Brothers and Main Street entered into an insurance contract whereby Main Street agreed to provide workers' compensation, commercial general liability and other insurance coverage to Condos Brothers in exchange for the payment of applicable premiums. (Id. ¶ 35.) As per the insurance contract, Main Street initially charged an estimated premium based on the payroll and sale amounts, which fluctuate throughout the year. (Id. ¶ 36.) The estimated premium was calculated using an estimated exposure base provided by Condos Brothers prior to commencement of the coverage period with respect to such items as number of employees, size of payroll and other known risk

factors.

The insurance contract provided for an audit at the end of the coverage period to determine whether the estimated premium paid represented the actual payroll and/or sales amount and to calculate the actual premium owed by Condos Brothers. (Id. ¶¶ 38-39.) Under the terms of the insurance contract, Main Street agreed to compare the audited premiums with the estimated premium paid and to either return or credit overpayments made by Condos Brothers against other sums owed. (Id. ¶ 40.) Similarly, Condos Brothers agreed to reimburse Main Street for deficiencies between the estimated premiums paid and the actual premiums owed, if warranted. (Id.)

Condos Brothers commenced this action on August 25, 2016, alleging that Main Street willfully failed to correctly categorize Plaintiff's employees as listed on its payroll records with the appropriate classification code, resulting in inaccurate premium rates and overpayment of insurance premiums by Condos Brothers. (Id. ¶ 1.) Plaintiff filed an Amended Complaint, as of right, on December 9, 2016. The Amended Complaint contains three cause of action: (1) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d); and (3) breach of contract. Main Street now moves to dismiss the RICO claim and the RICO conspiracy claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion in its entirety.

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, see Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. Civil RICO

18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). A violation of Section 1962(c) is properly pled by a showing of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

Here, Plaintiff's RICO claim is wholly devoid of merit. Plaintiff fails to properly plead either the existence of an enterprise or a pattern of racketeering activity, both of which are necessary to establish a violation of 18 U.S.C. § 1962. For the reasons set forth below, the allegations asserted in Plaintiffs' Amended Complaint fail to rise to the level of a federal RICO claim.

1. Enterprise

A RICO enterprise is defined broadly and includes any "individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Such an enterprise need not be a formal corporation, group or organization. Instead, the statute is satisfied by a showing of a formal or informal group of persons, "associated for a common purpose of engaging in a course of conduct" which then functions as a "continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981); see also United States v. Morales, 185 F.3d 74, 80 (2d Cir. 1999). Defendants alleged to be members of the enterprise unit must "share a common purpose to engage in a

-5-

particular fraudulent course of conduct" and work together to achieve their goal. First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004).

In support of a claim that there exists a RICO enterprise, a plaintiff must also plead that each defendant participated in the "operation or management" of the enterprise. First Capital, 385 F.3d at 175-76. This requires a showing that each had "some part" in "directing the affairs of the enterprise." Reves v. Ernst & Young, 507 U.S. 170, 179 (1993). While each defendant need not have primary responsibility for the functioning of the enterprise, each must, at least, have some part in directing the affairs of the alleged unit. See DeFalco, 244 F.3d at 309. Additionally, a claim of a RICO enterprise must be supported by information "regarding the hierarchy, organization, and activities of the alleged enterprise," to support the allegation that the enterprise is a functioning unit. Continental Fin. Co. v. Ledwith, No. 08 Civ. 7272, 2009 WL 1748875, at *5 (S.D.N.Y. June 22, 2009) (citation omitted); see also Mikhlin v. HSBC, No. 08-CV-1302, 2009 WL 485667, at *3 (E.D.N.Y. Feb. 26, 2009).

While the standard for pleading an enterprise in this circuit is liberal, the court cannot conclude that Plaintiff's Complaint reaches even this low threshold. To sufficiently allege the existence of an enterprise under RICO, a plaintiff must plead "the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Inc. v. King, 533 U.S. 158, 161 (2001). "[B]y virtue of the distinctness requirement, a corporate entity may not be both the RICO person and the RICO enterprise under section 1962(c)." Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 244 (2d Cir. 1994). While a RICO enterprise may "consist of a corporate defendant associated with others to form an enterprise that is 'sufficiently distinct'

from the corporate entity itself, the 'distinctness requirement may not be circumvented[]' by alleging a RICO enterprise that 'consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant . . . .' R.C.M. Executive Gallery Corp. v. Rols Capital Co., 901 F. Supp. 630, 640 (S.D.N.Y. 1995) (quoting Riverwoods, 30 F.3d at 344) (additional citations omitted). "Because a corporation may only function through the actions of its employees and agents, a corporation's employees, together with the corporation, do not form an enterprise distinct from the corporation itself." Ferro v. Metro. Ctr. for Mental Health, No. 13 Civ. 2347, 2014 U.S. Dist. LEXIS 41477, at *12 (S.D.N.Y. Mar. 26, 2014) (citing Riverwoods, 30 F.3d at 344).

Plaintiff's Amended Complaint fails to differentiate between the "person" and the "enterprise," as required by RICO. Rather, Plaintiff alleges that Main Street, certain of its board members, and unnamed "auditors, collection agency and representatives" all constitute an enterprise. (Am. Compl. ¶¶ 8-17, 59, 91.) However, these allegations purport to name Main Street as both the corporate person and the enterprise, which has explicitly been rejected in this Circuit. "[A]n assertion that a corporate defendant 'person' violated § 1962(c) fails where the plaintiff names the same corporate defendant as the 'enterprise.'"[1] Palatkevich v. Choupak, Nos. 12 Civ. 1681, 12 Civ. 1682, 2014 U.S. Dist. LEXIS 10570, at *36 (S.D.N.Y. Jan. 24, 2014) (citing Bennett v. U.S. Trust Co. of New York, 770 F.2d 308, 315 (2d Cir. 1985). Plaintiff's failure to allege an enterprise distinct from the defendant under RICO is fatal to Plaintiff's RICO claim. See Palatkevich, 2014 U.S. Dist. LEXIS 10570, at *40 ("[C]ivil RICO claims against

---

[1] In addition, "[r]eference to unnamed . . . agents as part of the enterprise cannot be the basis for the distinction between a corporate person and an enterprise." In re Parmalat Secs. Litig., 479 F. Supp. 2d 332, 346 (S.D.N.Y. 2007) (citation omitted)

corporations who are sued as RICO 'persons' fail where the members of the alleged 'enterprise' include only the corporate defendant . . . and its employees or agents, and no other unrelated parties.").

  2. <u>Pattern of Racketeering Activity</u>

A "pattern of racketeering activity" requires a showing of at least two related predicate acts of racketeering activity occurring within a ten year period." 18 U.S.C. § 1961(5); <u>see also</u> <u>First Capital</u>, 385 F.3d at 178. Predicate acts of racketeering activity encompass a variety of federal and state criminal offenses, including wire fraud and mail fraud, as alleged here. <u>See</u> 18 U.S.C. § 1961(1); <u>see also</u> 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud). While federal wire and mail fraud constitute RICO predicate acts, common law fraud under state law does not. <u>See</u> <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.</u>, 187 F.3d 229, 242 (2d Cir. 1999).

"The mail and wire fraud statutes require a plaintiff to show that the defendant participated in a scheme to defraud victims of money or property, through the use of the mails or an interstate wire." <u>Anctil v. Ally Fin., Inc.</u>, No. 12-CV-8572, 2014 U.S. Dist. LEXIS 16382, at *36 (S.D.N.Y. Feb. 10, 2014) (citing <u>United States v. Walker</u>, 191 F.3d 326, 334 (2d Cir. 1999)) (additional citation omitted). Where a civil RICO claim is predicated on acts of fraud, a plaintiff must comply with Federal Rule of Civil Procedure 9(b)'s requirement to plead with particularity. <u>See</u> <u>Anctil</u>, 2014 U.S. Dist. LEXIS 16382, at *36 (citing <u>Moore v. PaineWebber, Inc.</u>, 189 F.3d 165, 172-73 (2d Cir. 1999)); <u>see also</u> <u>Plount v. Am. Home Assurance Co.</u>, 668 F. Supp. 204, 206 (S.D.N.Y. 1987) ("[A]ll of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions."). "Allegations of predicate mail and wire fraud

acts 'should state the contents of the communications, who was involved, . . . where and when they took place, and . . . explain why they were fraudulent.'" Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 185 (2d Cir. 2008) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993)).

Plaintiff's Amended Complaint fails to plead either mail or wire fraud with the requisite particularity. Rather, the Amended Complaint simply includes a table listing bills, revised bills and non-payment notices that were mailed, either through the United State Postal Service or electronically, to Plaintiff on certain dates between 2009 and 2014. From this, Plaintiff seeks to have the Court draw the inference that some or all of these documents contained a fraudulent statement of sorts, without identifying what the fraudulent statement is, who made it, or why it is fraudulent. Such allegations are wholly insufficient under Rule 9(b).

Moreover, Plaintiff has failed to demonstrate that Defendant committed two predicate acts within ten years that are related, as required by RICO. The Amended Complaint merely alleges that Defendant "committed multiple related acts in that, from WC Policy 2010 through WC Policy 2014, Defendant[] continued to charge in excess of the insurance premium owed by Plaintiff Condos Bros." (Am. Compl. ¶ 93.) Putting aside the conclusory nature of the allegations, Plaintiff is seeking to establish a pattern of racketeering activity with respect to the same "fraud." As the Second Circuit has explained, "multiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern." Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 489 (2d Cir. 2014) (quoting Tellis v. United States Fid. & Guar. Co., 826 F.2d 477, 478 (7th Cir. 1986). This is precisely what Plaintiff alleges herein and is insufficient to state a RICO claim.

Based on the foregoing, the Court finds that Plaintiff's Complaint fails to adequately plead a substantive civil RICO violation. Accordingly, Plaintiff's RICO claim is dismissed.

III.  RICO Conspiracy

Plaintiff also alleges a violation of the RICO conspiracy statute. Specifically, Plaintiff alleges a violation of 18 U.S.C. § 1962(d), which makes it "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c)" of the RICO statute. 18 U.S.C. § 1962(d). Proper pleading of a substantive RICO violation is required to sustain a RICO conspiracy claim. See First Capital, 385 F.3d at 182; Wild Edibles, 2008 WL 4548392, at *3.

Since Plaintiff's Amended Complaint fails to state a substantive RICO claim, it similarly fails to state a claim for RICO conspiracy. Accordingly, Plaintiff's RICO conspiracy claim is dismissed as well.

IV.  Leave to Replead

While generally, leave to amend should be freely given, see Fed. R. Civ. P. 15(a), the Court may deny leave to replead where amendment would be futile. See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006). The Court finds that permitting Plaintiff to amend his Complaint a second time would be futile. This is a breach of contract action that Plaintiff is attempting to transform into a federal RICO case. For the reasons set forth above, the allegations in the Amended Complaint are wholly insufficient to support a RICO claim. No amount of repleading will cure this defect. Accordingly, leave to replead is denied and the RICO claims (Counts I and II) are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in its entirety and Counts I and II of the Amended Complaint, alleging civil RICO violations and conspiracy to violate RICO, are dismissed with prejudice.

**SO ORDERED:**

Dated: Central Islip, New York
November 17, 2017

_____/s_____
LEONARD D. WEXLER
United States District Judge